# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| ROMIRO E. ROJAS, | : | CIVIL NO: 1:13-CV-00871 |
|---|---|---|
| Petitioner | : | |
| | : | (Judge Kane) |
| v. | : | |
| | : | |
| CRAIG LOWE, *et. al*, | : | |
| | : | (Magistrate Judge Schwab) |
| Respondents. | : | |

## REPORT AND RECOMMENDATION

In this immigration habeas matter, pursuant to 28 U.S.C. § 2241, the petitioner, Romiro Enrique Rojas ("Rojas"), seeks to be released from continued detention by Immigration and Customs Enforcement ("ICE"). After filing the petition, however, ICE released Rojas from custody under an order of supervision pending removal. Because Rojas has achieved the result that he sought in filing his habeas corpus petition, I recommend that the case be dismissed as moot.

**I.    Procedural History.**

On April 7, 2013, Rojas, by and through his counsel, initiated this action by filing a petition for writ of habeas corpus. *Doc.* 1. On April 9, 2013, I issued an order for respondents to show cause. *Doc.* 2. Subsequently, respondents twice moved for an enlargement of time, and I granted both motions. *Docs.* 3, 4, 5 & 6. Thereafter, on May 3, 2013, respondents filed a response to the habeas petition, and on May 20, 2013, Rojas filed his reply. *Docs.* 7 & 8.

After Rojas had filed his reply, and while the case was pending review, respondents filed a brief suggesting that the case should be dismissed as moot. *Doc.* 11. In the brief, respondents claim that Rojas was released from ICE custody under an order of supervision. *Id.* at 2. Respondents also filed a declaration from an ICE official in the Pike County office, wherein the declarant declared that Rojas was released from ICE custody on August 27, 2013. *Doc.* 11-1. Rojas has not timely responded to respondents' suggestion of mootness or attempted to contact the Court with regard to his petition.[1]

## II. Background.

Rojas, a native and citizen of the Dominican Republic, entered the United States as a lawful permanent resident on March 8, 2003, and resided in Scranton, Pennsylvania. *Doc.* 1 at ¶ 3; *Doc.*7-1 at 58. While residing in Scranton, Rojas was charged with possession of marijuana and possession of drug paraphernalia in January 2009. *Doc.* 1 at ¶ 13. Two months later, in March 2009, Rojas pleaded guilty to simple possession of marijuana. *Id.* Thereafter, on November 16, 2009, Rojas was charged with possession of marijuana, possession of drug paraphernalia,

---

[1] We note that pursuant to Local Rule 7.6, Rojas had 14 days to file a brief in opposition to respondents' suggestion of mootness. The fact that Rojas, by and through his counsel, has not sought to oppose respondents' suggestion further supports respondents' assertion that Rojas was released from ICE custody. Moreover, Rojas has not contacted the Court to inform it of his desire to proceed.

2

and possession of a controlled substance. *Doc.* 1 at ¶ 14. Rojas pleaded guilty to possession of drug paraphernalia on December 15, 2009. *Id.*

On January 28, 2010, ICE issued a Notice to Appear informing Rojas that based upon his convictions, he was subject to removal pursuant to 8 U.S.C. § 1227(a)(2)(B)(i). *Doc.* 7-1 at 3, 5. The Notice to Appear was served on Rojas in person on December 29, 2010, and he was placed into removal proceedings. *Doc.* 7-1 at 4.

On April 28, 2011, Rojas, through his immigration counsel, filed a motion with the Immigration Court contesting his removability under 8 U.S.C. § 1227(a)(2)(B)(i). Specifically, Rojas requested that the charge of removability be dismissed and that the removal proceedings be terminated. *Doc.* 7-1 at 38. However, on May 19, 2011, the Immigration Court denied Rojas' motion. *Doc.* 7-1 at 50. Eleven days later, on May 30, 2011, Rojas moved to continue the Master Calendar Hearing, and the Immigration Judge granted the motion. *Doc.* 7-1 at 54, 57.

A couple of months later, on September 22, 2011, the Immigration Court issued his decision and ordered that Rojas be removed from the United States to the Dominican Republic. *Doc.* 7-1 at 58. Thereafter, Rojas appealed the Order of Removal to the Board of Immigration Appeals ("BIA") on October 19, 2011. The BIA issued a Notice on November 14, 2011, setting a date of December 5, 2011,

for the parties to submit their briefs. *Doc.* 7-1 at 62. Rojas requested an extension of the briefing schedule. *Doc.* 7-1 at 64. The BIA granted the request and extended the due date for briefs to December 27, 2011. *Doc.* 7-1 at 66.

On January 17, 2012, the BIA issued its decision dismissing Rojas' appeal. *Doc.* 7-1 at 67. The BIA found that Rojas' 2009 drug paraphernalia conviction "constitutes a controlled substance violation pursuant to section 237(a)(2)(B)(i) of the INA." *Doc.* 7-1 at 69. Subsequently, Rojas filed a petition for review and requested an emergency stay with the United States Court of Appeals for the Third Circuit. On January 31, 2012, the Third Circuit Court issued an Order granting Rojas an emergency stay of removal while his Petition for Review remained pending, and the appeal was reheard on May 29, 2013. On August 23, 2013, after the appeal was reheard, the Third Circuit reversed Rojas' removal and remanded the case, stating that "the Department must show that the conviction for which it seeks to remove a foreign national involved or was related to a federally controlled substance… we conclude that the Department failed to meet its burden." *[Rojas v. Attorney Gen. of U.S.](#)*, No. 12-1227, 2013 WL 4504648, at *1 (3d Cir. Aug. 23, 2013).

Last, as mentioned, Rojas filed his habeas corpus petition on April 7, 2013. In his petition, Rojas challenges his continued detention in ICE custody, arguing that it violates notions of Due Process. As a remedy, Rojas requests to be released

4

from ICE custody. *Doc.* 1 at 20; *see also Doc.* 8 at 2. However, on August 27, 2013, Rojas received the requested relief, as he was released under an order of supervision pending removal. *See Doc.* 11-1.

**III. Discussion.**

Habeas corpus is the appropriate vehicle for obtaining release from immigration custody where there is inordinate delay pending removal. *See Zadvydas v. Davis,* 533 U.S. 678, 687 (2001) (specifying that 28 U.S.C. § 2241(c)(3) confers jurisdiction on federal courts to consider post removal-period detention cases). The maximum time an alien can be detained pending removal is limited by statute to 90 days. *See* 8 U.S.C. § 1231(a)(1)(A). Some aliens, however, including those who have committed certain crimes or "have been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal, may be detained beyond the removal period" and if they are released, may be subject to other terms of supervision. *See* 8 U.S.C. § 1231(a)(6). In *Zadvydas,* the Supreme Court recognized six-months as a presumptively reasonable time to detain an alien pending removal under section 1231(a)(6). *Id.* at 701. Moreover, in order to proceed, the petition must present a "case or controversy" as required by Article III, § 2 of the United States Constitution.

Pursuant to Article III, the judicial power of the federal courts extends only to cases or controversies. *See* U.S. CONST. art. III, § 2, cl. 1. This "case or controversy" requirement prevents federal courts from deciding cases that are moot. *See, e.g., Liner v. Jafco, Inc.*, 375 U.S. 301, 306 n. 3 (1964). Generally speaking, a case becomes moot when the issues are no longer live or the parties lack a cognizable interest in the outcome. *Powell v. McCormack*, 395 U.S. 486, 496 (1969). If developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit, the case must be dismissed as moot. *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 698-99 (3d Cir. 1996).

In the immigration habeas context, a case should be dismissed as moot if the petitioner's sole prayer for relief involves release from custody and the petitioner is released while the petition is pending review. *See Novas v. Immigration & Customs Enforcement*, 303 F.App'x 115, 118-19 (3d Cir. 2008) (describing as moot an issue raised regarding the propriety of petitioner's pre-removal detention); *Sanchez v. Attorney General, United States*, 146 F.App'x 547 (3d Cir. 2005) (Per Curiam) (dismissing appeal as moot in light of the fact that petitioner was released from immigration custody after the appellate briefs were filed); *Dehaney v. Sabol*, No. 3:11-CV-0616, 2012 WL 1417592 (M.D. Pa. Apr. 24, 2012) (adopting magistrate judge's recommendation that immigration habeas petition should be dismissed as moot).

Here, the petition is moot because it presents no case or controversy under Article III. Rojas does not challenge the legality of the removal order; instead, he challenges only his ICE detention beyond the presumptively reasonable period. Because he has been released, there is no remedy the Court can affect, nor are there any potential collateral consequences.[2] As a result, we recommend that the petition be dismissed as moot and the case file be closed.

**IV. Recommendation.**

Accordingly, for the foregoing reasons, **IT IS RECOMMENDED** that:

(1) Rojas' petition for a writ of habeas corpus, pursuant to 28 U.S.C. 2241,

be **DISMISSED** as moot and the case file be closed.

The Parties are further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the

---

[2] *See also Nunes v. Decker*, 480 F.App'x 173, 175 (3d Cir. 2012) (citing *Riley v. Immigration and Naturalization Service,* 310 F.3d 1253, 1256-57 (10th Cir. 2002) (holding that release from detention under order of supervision rendered moot petition challenging legality of extended detention)).

findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.  Failure to file timely objections to the foregoing Report and Recommendation may constitute a waiver of any appellate rights.

Submitted this **9th** day of **October, 2013**.

                                    ***S/ SUSAN E. SCHWAB***
                                    Susan E. Schwab
                                    United States Magistrate Judge